Davie, who was of counsel for the prisoner, asked what use was expected to be made of his testimony. Whereupon the Solicitor-General informed the Court that the gentleman at the table was the magistrate who had committed the prisoner; and he was introduced to give evidence of the prisoner's confession or admission, previous to his commitment.
The magistrate was asked whether he had committed the examination of the prisoner to writing, and answered in the negative. *Page 69 
Of which opinion was the Court.
Whereupon Mr. Solicitor-General wished the magistrate to sit down at the table and make a record of the examination, that it might be read, but
Davie, held it was now too late. The examination ought to be committed to writing within two days after the taking of it. It is so required by 2 and 3 P. M., 10, 284.
The Court, McCOY, J., alone. There being no words of repeal in the act, and the statute being in pari materia, they ought to be taken as one law.
The magistrate not being admitted to be sworn.
Mr. Solicitor-General entered a nol. pros., and the prisoner was discharged.
NOTE. — Upon the first point, see 1 Rev. Stat., ch. 35, sec. 1, and the case of State v. Irwin, 2 N.C. 112, and the note thereto.
On the second point, see Ogden v. Witherspoon, 3 N.C. 227.
(64)